UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GOERTZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-945-JAR |
| ) | |
| DENNIS BARTON, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and to Strike His Class Allegations (ECF No. 19) and Defendant Dennis J. Barton III's Motion to Strike Plaintiff's Second Amended Complaint (ECF No. 26).

On September 12, 2014, Defendant Dennis J. Barton III filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 19). On September 17, 2014, this Court entered a Case Management Order that included a December 3, 2014 deadline for joinder of additional parties. (ECF No. 23). That same day, Plaintiff filed a Second Amended Class Action Complaint against Defendants Dennis J. Barton III and the Barton Law Group, LLC. (ECF No. 24). Thereafter, Defendant Dennis J. Barton III filed a Motion to Strike Plaintiff's Second Amended Complaint because Plaintiff filed the Second Amended Complaint without leave of Court and without Defendant's consent. (ECF No. 26, ¶6). In the alternative, Defendant Barton asked the Court for an extension of time (14 days) to file a response to the Second Amended Complaint from the date this Court rules on this Motion. On September 18, 2014, Plaintiff filed a Response to Defendant Barton's Motion to Strike and for Sanctions. (ECF No. 27). Plaintiff stated that leave of Court to file an amended complaint had already been provided pursuant to this

˘ 1 ˘

Court's Case Management Order.  Plaintiff asked the Court to order Defendant Barton to pay $295 to the Eason Law Firm for the time and expense of responding to Defendant's Motion to Strike.

The Court holds that Plaintiff's Second Amended Complaint was properly filed within the time allowed under the Case Management Order for joinder of additional parties or amendment of pleadings. Defendant Barton's Motion to Strike, therefore, is denied without prejudice. Because Defendant Barton's Motion to Dismiss is directed at Plaintiff's First Amended Complaint, the Motion to Dismiss is also denied without prejudice.  The Court denies Plaintiff's request for monetary sanctions.   The Court grants Defendant Barton's request for 14 days to respond to the Second Amended Complaint.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dennis J. Barton III's Motion to Dismiss Plaintiff's First Amended Complaint [19] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Dennis J. Barton III's Motion to Strike Plaintiff's Second Amended Complaint [26] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request for monetary sanctions is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant Barton's request for fourteen (14) days to respond to Plaintiff's Second Amended Complaint is **GRANTED**.

Dated this 18th day of September, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Barton's request is unnecessary.   Under Fed.R.Civ.P. 15(a)(3), a response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.